

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-2059
Re: Whether or not Highway Depart-
ment comes within minimum
wage on public works laws.

Thank you for your letter of March 7, 1940, request-
ing the opinion of this department upon the question of whether
or not the Texas State Highway Department comes within the
provisions of Article 5159a, Vernon's Annotated Civil Statutes,
insofar as a contract for the construction of a lawn sprinkler
system on Highway No. 81, north of Austin and in Travis
County, is concerned.

Your letter reads in part as follows:

"On January 17, 1940, and on February 16, 1940,
protests were filed with this Department that the
Texas State Highway Department had failed to ascertain
the general prevailing rate of per diem wages in
Travis County for each craft or type of workmen or
mechanic needed to execute the contract for the con-
struction of a lawn sprinkler system on Highway No.
81, north of Austin and in Travis County.

" . . .

"We shall appreciate your opinion as to whether
the Texas Highway Commission comes within the provi-
sions of the Prevailing Wage Law on Public Works, Art.
5159a, R.C.S., as amended (Acts 1933, 43rd Leg., p.
91, ch. 45), and, if so, whether such public awarding
body shall ascertain the general prevailing wage in
the locality in which the work is to be performed for
each craft or type of workman or mechanic needed to
execute the contract, and then specify such wage scale
in its call for bids and in the contract itself."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Joe Kunschik, Page 2

Article 5159a, Vernon's Annotated Civil Statutes, Acts 1933, 43rd Legislature, p. 91, ch. 45, reads as follows:

"Sec. 1. Not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed, and not less than the general prevailing rate of per diem wages for legal holiday and overtime work, shall be paid to all laborers, workmen and mechanics employed by or on behalf of the State of Texas, or by or on behalf of any county, city and county, city, town, district or other political subdivision of the State, engaged in the construction of public works, exclusive of maintenance work. Laborers, workmen, and mechanics employed by contractors or subcontractors in the execution of any contract or contracts for public works with the State, or any officer or public body thereof, or in the execution of any contract or contracts for public works, with any county, city and county, city, town, district or other political subdivision of this State, or any officer or public body thereof, shall be deemed to be employed upon public works.

"Sec. 2. The public body awarding any contract for public work on behalf of the State, or on behalf of any county, city and county, city, town, district or other political subdivision thereof, or otherwise undertaking any public work, shall ascertain the general prevailing rate of per diem wages in the locality in which the work is to be performed for each craft or type of workman or mechanic needed to execute the contract, and shall specify in the call for bids for said contract, and in the contract itself, what the general prevailing rate of per diem wages in the said locality is for each craft or type of workman needed to execute the contract, also the prevailing rate for legal holiday and overtime work, and it shall be mandatory upon the contractor to whom the contract is awarded, and upon any subcontractor under him, to pay not less than the said specified rates to all laborers, workmen and mechanics employed by them in the execution of the contract. The contractor shall forfeit as a penalty to the State, county, city and county, city, town, district or other political subdivision on whose behalf the contract is made or awarded, Ten Dollars ($10.00) for each laborer, workman or mechanic employed, for each calendar day, or portion thereof, such laborer, workman or mechanic is

Hon. Joe Kunschik, Page 3

paid less than the said stipulated rates for any work
done under said contract, by him, or by any subcontractor
under him, and the said public body awarding the contract
shall cause to be inserted in the contract a stipulation
to this effect. It shall be the duty of such public body
awarding the contract, and its agents and officers, to take
cognizance of complaints of all violations of the provi-
sions of this Act committed in the course of the execution
of the contract, and, when making payments to the con-
tractor of monies becoming due under said contract, to
withhold and retain therefrom all sums and amounts which
shall have been forfeited pursuant to the herein said
stipulation and the terms of this Act; provided, however,
that no sum shall be so withheld, retained or forfeited,
except from the final payment, without a full investiga-
tion by the awarding body. It shall be unlawful for any
contractor to withhold from any subcontractor under him
sufficient sums to cover any penalties withheld from him
by the awarding body on account of the said subcontractor's
failure to comply with the terms of this Act, and if payment
has already been made to him the contractor may recover
from him the amount of the penalty or forfeiture in a
suit at law.

"Sec. 3. The contractor and each subcontractor
shall keep, or cause to be kept, an accurate record show-
ing the names and occupations of all laborers, workmen and
mechanics employed by him, in connection with the said
public work, and showing also the actual per diem wages
paid to each of such workers, which record shall be open
at all reasonable hours to the inspection of the public
body awarding the contract, its officers and agents.

"Sec. 4. Any construction or repair work done
under contract, and paid for in whole or in part out
of the public funds, other than work done directly by
any public utility company pursuant to order of the
Railroad Commission or other public authority, whether
or not done under public supervision or direction, or
paid for wholly or in part out of public funds, shall
be held to be 'public works' within the meaning of this
Act. The term 'locality in which the work is performed'
shall be held to mean the county, city and county, city,
town, district or other political subdivision of this
State in which the building, highway, road, excavation,
or other structure, project, development or improvement
is situated in all cases in which the contract is
awarded by the State, or any public body thereof, and

Hon. Joe Kunschik, Page 4

shall be held to mean the limits of the county, city
and county, city, town, district or other political
subdivisions on whose behalf the contract is awarded in
all other cases. The term 'general prevailing rate of
per diem wages' shall be the rate determined upon as such
rate by the public body awarding the contract, or author-
izing the work, whose decision in the matter shall be
final. Nothing in this Act, however, shall be construed
to prohibit the payment to any laborer, workman or
mechanic employed on any public work as aforesaid of
more than the said general prevailing rate of wages."

Your first question is whether or not the Texas State
Highway Commission comes within the provisions of Article 5159a,
Vernon's Annotated Civil Statutes, providing for the prevailing
per diem wage rate on public works.

The Texas Highway Commission is an administrative
agency of our State entrusted with that segment of government
dealing with the establishment, maintenance and control of the
State highways. Article 6663, Vernon's Annotated Civil Statutes;
Britton v. Smith (Civ. App.) 82 S.W. (2d) 1065; Marks v. State
(Civ. App.), 88 S.W. (2d) 131; Nairn v. Dees, 121 Tex. 355, 48
S.W. (2d) 584. In matters of judgment touching its functions,
it is invested with wide discretion. Johnson v. Ferguson, 55 S.W.
(2d) 153, writ dismissed. Moreover, a contract made by the State
Highway Commission is a contract of the State. Article 6674k,
Vernon's Annotated Civil Statutes; Sherman v. Cage (Civ. App.)
279 S.W. 508.

Consequently, we hold that the State Highway Commission
is the "public body" directed by the Legislature in Section 2 of
Article 5159a, Vernon's Annotated Civil Statutes, to ascertain
the general prevailing rate of per diem wages and to specify
the same in its calls for bids.

In this connection you point out that:

"In these protests, our attention was called to the
fact that the Texas State Highway Department had adver-
tised a scale of wages, which for several types of work-
men, was lower than the scale being paid on the Marshall
Ford dam project and the scale being paid on work for the
Travis County Water Control and Improvement District No.
1, as well as on other construction work in the City of
Austin and in Travis County."

Hon. Joe Kunschik, Page 5


The determination and regulation of prevailing wage rates under Article 5159a is a legislative and not a judicial function (Southern Prison Co. v. Rennels (C.C.A. 1937) 110 S.W. (2d) 606); and an administrative finding of that prevailing rate by the State Highway Commission is final. Section 4 of Article 5159a, Vernon's Annotated Civil Statutes, Southern Prison Co. v. Rennels, supra.

Please permit us to call your attention also to Article 6674p, Vernon's Annotated Civil Statutes, Acts 1931, 42nd Legislature, page 69, chapter 46, which deals specifically with minimum wages for highway labor and reads as follows:

"Sec. 1. Hereafter the State Highway Commission in letting contracts for the construction, maintenance or improvement of any designated State Highway, shall be authorized to require that all contracts for any such work, contain a provision that no person will be employed, by the contractor, to perform manual labor in the course of the construction, maintenance or improvement of any such highway at a wage of less than thirty cents per hour, and that any violation of any such provisions of the contract by the contractor, subcontractor, or other person subject to such provision of the contract, shall authorize the Commission to withhold from any money due the contractor a sufficient sum to pay any person such minimum wage for any labor performed, or the Commission may, for the benefit of any such person, recover such sum on the bond of the contractor, if it does not have in its possession money owing the contractor, applicable for such purposes. That citizens of the United States and of the county wherein the work is being proposed shall always be given preference in such employment; provided also that all other departments, bureaus, commissions and institutions of the State of Texas in all construction work of every character requiring employment of day labor shall likewise be authorized and empowered to exercise the same authority herein conferred on the State Highway Commission.

"Sec. 2. Hereafter, in advertising for bids for the construction, maintenance, or improvement of any designated State Highway, the Commission, in the event it desires to exercise the authority herein conferred to require a provision for such minimum wage, shall so state in the advertisement, so that all bidders may be aware of such requirement in submitting bids for such work."

.269

Consequently, it may be seen in harmonizing Articles 5159a and 6674p, Vernon's Annotated Civil Statutes, that while the State Highway Commission has the <u>duty</u> to determine and specify the prevailing wage rate, it is also <u>invested</u> with the <u>power</u> and <u>authority</u> to require in its contract that no person be employed to perform manual labor in the course of the construction, maintenance and improvement of State highways at a wage of less than thirty cents per hour.

A final question remains to be answered and that is whether or not a contract for the construction of a lawn sprinkler system on Highway No. 81 north of Austin in Travis County constitutes the "construction of public works" spoken of in Article 5159a, Vernon's Annotated Civil Statutes, or the "construction, maintenance or improvement of any designated State highway" spoken of in Article 6674p, Vernon's Annotated Civil Statutes. We hold that such construction fulfills both requirements.

The definition of what shall constitute "public works" is specifically set out in Section 4 of Article 5159a, Vernon's Annotated Civil Statutes, to read as follows:

"Any construction or repair work done under contract, and paid for in whole or in part out of the public funds, ... shall be held to be 'public works' within the meaning of this Act."

See also Employers Casualty Co. v. Stuart Abstract Co., (Com. App. 1929), in which Judge Speer held that the construction of a county road is a public work. We feel that the construction of a sprinkler system for the improvement of a highway also is a "public work" within the meaning of Article 5159a, Vernon's Annotated Civil Statutes, and the "improvement of a designated State Highway" within the meaning of Article 6674p, Vernon's Annotated Civil Statutes.

Consequently, it is the opinion of this department and you are respectfully advised that the contract of the State Highway Commission for the construction of a lawn sprinkler system on Highway No. 81, north of Austin in Travis County, will be governed by the provisions of both Articles 5159a and 6674p, Vernon's Annotated Civil Statutes, that under the provisions of Article 5159a, Vernon's Annotated Civil Statutes, it is the duty of the Highway Commission to ascertain the general prevailing wage rates in Travis County and specify the same

for each craft or type of workman or mechanic in its call for bids (conditioned by its power under Article 6674p, Vernon's Annotated Civil Statutes). Finally, that the findings of the Highway Commission as to the prevailing wage rates are final.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Assistant

By James D. Smullen

JDS:pbp

APPROVED MAR __, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN